ELI MIKE, an individual, JAMES A. )
SCHRAMPFER, an individual, and )
JANE B. FORBES, as Trustee in )
bankruptcy for the estate of DAVID L. )
OSBORN, )
  )   **Davidson Chancery**
    Plaintiffs/Appellants, )   **No. 89-1713-II (III)(I)**
  )
VS. )
  )
PO GROUP, INC., a Tennessee )   **Appeal No.**
corporation; JAMES W. (BILL) )   **01A01-9707-CH-00321**
ANDERSON, III, an individual; and )
HAROLD L. JENKINS, an individual, )
  )
    Defendants/Appellees. )

<div style="border:1px solid black; display:inline-block;">

**FILED**

**May 6, 1998**

Cecil W. Crowson
Appellate Court Clerk

</div>

## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

### APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY
### AT NASHVILLE, TENNESSEE

### HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR

John C. Tishler, #13441
TUKE, YOPP & SWEENEY
17th Floor, Third National Bank Bldg.
201 Fourth Avenue North
Nashville, Tennessee 37219-2040
ATTORNEY FOR PLAINTIFFS/APPELLANTS

William L. Harbison, #7012
Andrew J. Pulliam, #16863
SHERRARD & ROE
424 Church Street, Suite 2000
Nashville, Tennessee 37219

D. Denty Cheatham
CHEATHAM & PALERMO
43 Music Square West
P.O. Box 121857
Nashville, Tennessee 37212-1857
ATTORNEYS FOR DEFENDANTS/APPELLEES

### AFFIRMED.

        HENRY F. TODD
        PRESIDING JUDGE, MIDDLE SECTION

CONCURS:
BEN H. CANTRELL, JUDGE

CONCURS IN RESULT:
WILLIAM C. KOCH, JR., JUDGE

| | |
|---|---|
| **ELI MIKE, an individual, JAMES A.** | ) |
| **SCHRAMPFER, an individual, and** | ) |
| **JANE B. FORBES, as Trustee in** | ) |
| **bankruptcy for the estate of DAVID L.** | ) |
| **OSBORN,** | ) |

**ELI MIKE, an individual, JAMES A.
SCHRAMPFER, an individual, and
JANE B. FORBES, as Trustee in
bankruptcy for the estate of DAVID L.
OSBORN,**

           **Plaintiffs/Appellants,**

**VS.**

**PO GROUP, INC., a Tennessee
corporation; JAMES W. (BILL)
ANDERSON, III, an individual; and
HAROLD L. JENKINS, an individual,**

           **Defendants/Appellees.**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Davidson Chancery
No. 89-1713-II (III)(I)**

**Appeal No.
01A01-9707-CH-00321**

# O P I N I O N

The captioned plaintiffs' have appealed from a summary judgment dismissing plaintiffs' actions against the corporate defendant for the value of their stock as dissenting minority shareholders and their action against the individual defendants for breach of fiduciary duty as corporate directors.

On appeal, plaintiffs present the following issues:

> 1.     Whether summary judgment is appropriate dismissing a claim based upon the statute of limitations when the undisputed facts indicate that the cause of action accrued within the period of the statute of limitations rather than outside the period as determined by the Trial Court?
>
> 2.     Alternatively, whether summary judgment is appropriate dismissing a claim based upon the statute of limitations when different inferences regarding the accrual of plaintiffs cause of action may be drawn from the facts?
>
> 3.     In the event the summary judgment is reversed, whether the discretionary costs judgment should be vacated?

Defendants present the following issues:

A. Whether the Trial Court properly held that appellants' claims are time-barred by the three-year statute of limitations in Tenn. Code Ann. § 28-3-105 due to those claims accruing more than three years before appellants filed this suit when appellants knew of their claims and their counsel threatened suit on their behalf in letters making the same allegations that appellants make in this suit.

B. Whether the Trial Court's award of discretionary costs to Mr. Anderson was within the court's authority under Tenn. R. Civ.P. 54.04 to award discretionary costs?

In a former appeal in this same case, the Supreme Court held that the applicable statute of limitations was three years. This suit was filed on June 30, 1989. Three years prior to June 30, 1989, was June 30, 1986. The primary inquiry on appeal is whether plaintiff's right of action or any part thereof arose after June 30, 1986.

The individual defendants were the sole stockholders, officers and directors of the corporate defendant which owned majority interests in a number of lesser corporations in which plaintiffs held minority interests. Specifically, stock of the corporate defendant, Po Group, Inc., was owned in equal shares by the defendants, Anderson and Jenkins, who were also equal owners of all of the stock of Pro Combination, Inc., a non-party. Po Group, Inc., owned 80% of the stock of Po Louisville, Inc., 72.57% of the stock of Po Jackson, Inc., and 73% of the stock of Po Memphis, Inc.

The plaintiff, Eli Mike, was a minority stockholder of Po Louisville, Inc. The plaintiffs, James A. Schrampfer and David Osborne, were minority stockholders of Po Jackson, Inc., and Po Memphis, Inc.. David Osborne is in bankruptcy, and his interests are represented by Jane A. Forbes, Trustee.

After an unsuccessful effort to sell the corporate stock of Po Group, Inc., and Po Combination, Inc., to DineLite Corporation, Po Group, Inc. agreed to sell and DineLite

Corporation agreed to buy substantially all of the assets of Po Group, Inc. and Po Combination, Inc.. T.C.A. § 48-1-907( c) requires that stockholders dissenting from such a sale be paid the fair value of their stock. A part of the consideration of the sale was the payment by DineLite of certain bank debts of Po Group, Inc., and Po Combination, Inc., which were guaranteed by the individual defendants, Jenkins and Anderson. This provision of the sale is the basis of the plaintiffs' suit against the defendants, Jenkins and Anderson.

The sale was approved by a majority of the stockholders of each of the corporations, including those in which plaintiffs' were interested, at a meeting held on December 15, 1985.

As stated above, the Supreme Court concluded the former appeal by holding that the three-year statute of limitations barred the action of plaintiffs against the corporate defendant. The opinion of the Supreme Court also states:

> . . .any right the plaintiffs may have had to recover from Anderson and Jenkins for breach of their fiduciary duties as officers or directors of any of the three subsidiary corporations or Po Group, Inc., expired on January 1, 1989, prior to the date on which the present suit was filed, June 30, 1989. The plaintiffs acknowledge that Section 48-18-601 bars recovery from Anderson or Jenkins for any breach of fiduciary duties as officers or directors. 937 S.W.2d at 794.
>
> - - - -
>
> The complaint alleges that the majority shareholder, Po Group, Inc., breached a fiduciary duty owed to them as minority shareholders . . . . [T]he plaintiffs allege that the proceeds from the sale of corporate assets were unfairly distributed by the defendant, Pro Group, Inc., to the defendants Anderson and Jenkins. The complaint does not otherwise define the duty or the wrong. The allegations do not indicate clearly the "gravamen of the action." The legal wrong of which the plaintiffs complain is uncertain. The complaint does not charge fraud; however, there is found in the complaint the statement that the breach of fiduciary duty by the <u>defendants</u> included "the diversion and/or misappropriation" of assets. Even then, the legal duty that was violated is not entirely clear.
>
> The plaintiffs seek no judgment of liability for wrongdoing against Anderson and Jenkins. The complaint against Anderson and Jenkins is that their relationship with the majority shareholder, Po Group, Inc., was such that the plaintiffs should be allowed to pierce the corporate veil and

collect from the individual defendants the value of their shares of stock.

- - - -

Thus, the action of Po Group, as the majority shareholder in the three subsidiary corporations, was essential to the consummation of the sale. Id. at 794.

The cause was remanded by the Supreme Court to afford opportunity to the plaintiffs to show that some wrongful act of the individual defendants occurred after June 30, 1966. No such act is shown by this record.

Appellants insist that the three-year statute did not begin to run against them until the final transfer of assets which occurred after June 30, 1986. This Court does not agree. By the binding contract to sell and buy the assets, the corporations were bound to complete the transfer and delivery of such assets, and the statute of limitations began to run at that time, regardless of any delay in carrying out the details of transfer.

The plaintiffs assert that the individual defendants committed a breach of fiduciary duty by relieving themselves of their liability as guarantors. The guaranteed liability was secondary to the primary liability of the corporations which was a legitimate subject of inclusion in the sales agreement. The incidental benefit to the individual defendants without detriment to the corporations is not legitimate ground for liability of the individual defendants. Moreover, the provision of the sales agreement for satisfaction of bank debts was disclosed to plaintiffs in the notice of stockholders meeting received by plaintiffs. Furthermore, on January 3, 1986, plaintiffs' attorney wrote a letter to the president of Po Louisville, Po Memphis and Po Jackson demanding payment of fair value of plaintiffs' stock and stating:

> The value, of course, should include monies that have been misappropriate [sic] from the Company by the controlling shareholder, the value of the franchise rights for the Company's market that were represented by the majority shareholders to be in the Company and the proportionate value being realized by the majority shareholder's being relieved of certain liabilities by DineLite Corporation.
>
> "[f]ailure to arrive at a fair value for" the shares of Mr. Brown's client,

...will leave us no alternative but to institute litigation, which would include, but not necessarily be limited to claims for:

(1) violations of notice procedures under the Tennessee General Corporation Act

(2) violations of state and federal securities law

(3) misappropriation of assets

(4) violations of the racketeering [sic] influences and corrupt organizations act.

We await further action by you on this matter.

Plaintiffs assert that there was an inequitable distribution of benefits to the subordinate corporations by payment of the various bank loans which adversely affected the value of their stock and thereby unfairly reduced the amount to be paid to them for their stock.

No evidence is cited or found as to the specific or amount of the alleged inequitable allocation of bank loan relief among the several corporations involved. Even though the action of plaintiffs were not barred, no relief could be granted to plaintiffs for the alleged inequity of relief from bank loans because of the lack of evidence of the amount of damages.

Finally, plaintiffs argue that, in event of reversal of the judgment of the Trial Court, the award of discretionary costs should be dismissed. There is no complaint that the award of discretionary costs was otherwise in error.

No grounds are found for reversal of the judgment of dismissal, hence the award of discretionary costs will not be reversed.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the appellants and their surety. The cause is remanded to the Trial Court for necessary further proceedings.

**AFFIRMED & REMANDED**.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

CONCURS IN RESULT:

_____
WILLIAM C. KOCH, JR., JUDGE